IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN F. RAMOS, | |
| Plaintiff, | 8:18CV313 |
| vs. | |
| VALMONT INDUSTRIES, INC., and JOHN W. SMITH, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Jonathan F. Ramos filed his Complaint on July 3, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). In conducting this initial review, the court will consider the various correspondence filed by Plaintiff (filing nos. 7–10) as supplemental to the original Complaint. *See* NECivR 15.1.

## I. SUMMARY OF COMPLAINT

Plaintiff filed this action against Valmont Industries, Inc. ("Valmont") and John W. Smith ("Smith"), legal counsel for Valmont, alleging an employment discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117. Plaintiff alleges he was employed as a welder by Valmont in Texas from 2014 to 2015 and was provided an American Sign Language interpreter and subtitle closed captioning for his orientation because he is deaf, "unable to read lips and [his] first language is American Sign Language and [his] second is written English." (Filing No. 8.) In June 2015, Plaintiff transferred to Valmont in Columbus, Nebraska, and he was not provided an interpreter until December 2015 through August 2016. Plaintiff alleges he was terminated in August 2016 in "retaliation because of [his] hearing disability." (*Id.*)

Liberally construed, Plaintiff alleges Valmont failed to accommodate his disability and failed "to supply [him] information in a way that [he] can understand and do [his] job safely and correctly." (*Id.*; *see also* Filing No. 1 at CM/ECF p. 4.)

As relief, Plaintiff seeks to have Valmont amend his employment records to show that he "quit" as opposed to being terminated and to remove certain false write-ups from his records. (Filing No. 7.) Plaintiff also seeks a "new job" as he is unable to find a job due to the damage to his career as a welder and $10,000.00 in damages. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a

lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff brings three claims under the ADA, alleging Valmont wrongfully discharged him on account of his hearing disability, failed to provide him a reasonable accommodation, and retaliated against him. As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

**A. Claims against Smith**

As an initial matter, Plaintiff has named John W. Smith, legal counsel for Valmont, as a defendant in this matter. However, the ADA imposes liability on *employers*. 42 U.S.C. § 12111(5)(A). The Complaint's allegations clearly indicate that Smith is an attorney for Valmont and cannot be considered an "employer" of Plaintiff. Thus, Plaintiff's claims against Smith will be dismissed. *See Loeckle v. State Farm Auto. Ins. Co.*, 59 F.Supp.2d 838, 846 (N.D.Iowa 1999) (dismissing one of named defendants for lack of employee-employer relationship), *aff'd* 210 F.3d 379 (8th Cir. 2000).

**B. Wrongful Discharge**

An employee seeking relief under the ADA on a wrongful discharge claim must establish that: 1) he has a disability as defined in 42 U.S.C. § 12102(2); 2) he

3

is qualified to perform the essential functions of the job, with or without reasonable accommodation; and 3) he has suffered an adverse employment action because of his disability. *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 845 (8th Cir. 2015). A person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)).

Liberally construed, Plaintiff alleges that he has a hearing disability requiring him to communicate through American Sign Language and that Valmont terminated him as a result. However, Plaintiff has not alleged that he is qualified for his job with or without reasonable accommodation nor has he alleged sufficient facts from which the court can reasonably infer that he was discriminated against in any way because of his disability. On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that sets forth additional facts in support of his claim.

**C. Failure to Accommodate**

To state a failure-to-accommodate claim, a plaintiff first "must establish both a prima facie case of discrimination based on disability and a failure to accommodate it." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015). "The plaintiff then has the burden to show 'that the requested accommodation is reasonable on its face, i.e., ordinarily or in the run of cases.'" *Orr v. City of Rogers*, 232 F. Supp. 3d 1052, 1061 (W.D. Ark. 2017) (quoting *Peebles v. Potter*, 354 F.3d 761, 768 (8th Cir. 2004) (internal quotation marks omitted)).

4

As stated above, Plaintiff has not pleaded sufficient facts to establish a prima facie case of discrimination. Moreover, while Plaintiff alleges Valmont failed to provide him with an American Sign Language interpreter between June and December 2015, he also alleges that he was provided with an interpreter from December 2015 until August 2016. Plaintiff does not allege any facts suggesting that his requests for an interpreter were denied or that the interpreter services, once provided, were not reasonable. Based on these allegations, the court cannot reasonably infer that Valmont failed to accommodate his disability in violation of the ADA. However, the court will give Plaintiff the opportunity to amend his Complaint to provide additional facts in support of his claim.

**D. Retaliation**

"To establish unlawful retaliation under the ADA, a plaintiff must show that (1) she engaged in a statutorily protected activity, (2) the employer took an adverse action against her, and (3) there was a causal connection between the adverse action and the protected activity." *Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013) (citing *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir.1999)).

Here, Plaintiff has not alleged that he engaged in any statutorily protected activity. While requesting an accommodation may be considered a protected activity under the ADA, *see Hill*, 737 F.3d at 1219, Plaintiff does not allege sufficient facts to indicate he requested an accommodation. Even if the court assumes Plaintiff requested an accommodation, he has failed to allege any facts to support a causal connection between his request for an accommodation and his termination. Thus, Plaintiff has failed to state a plausible retaliation claim under the ADA. As with his other ADA claims, the court will grant Plaintiff leave to file an amended complaint that sets forth sufficient facts in support of his claim.

## IV. OTHER PENDING MOTIONS

Plaintiff filed a Motion for Interpreter (filing no. 6) asking for an American Sign Language interpreter to be provided to him for future court dates. No court dates have been set in this matter, nor will this matter even proceed to service of process until Plaintiff files an amended complaint in accordance with this Memorandum and Order that sets forth a plausible claim for relief. It is apparent from the record and Plaintiff's own admissions that he has sufficient proficiency with the written English language to prepare any pleadings he may wish to file. Thus, Plaintiff has not shown that the failure to supply him with an interpreter at this juncture implicates any fundamental due process concerns. *See Herrera v. Zavares*, No. 09-cv-01229-MSK-KLM, 2010 WL 3853312, at *13 (D. Colo. Sept. 28, 2010) ("The appointment of an interpreter . . . by virtue of the Court's inherent authority as a matter of due process, is a matter confined to the sound discretion of the Court, and the exercise of that discretion should focus on whether the failure to supply an interpreter makes the proceedings 'fundamentally unfair.'") Accordingly, his motion will be denied at this time without prejudice to reassertion.

## V. CONCLUSION

Plaintiff has failed to allege a plausible claim for relief under the ADA against the defendants, and his claims against Smith are dismissed as Smith is not a proper defendant. On the court's own motion, Plaintiff shall have 30 days to file an amended complaint that states a claim under the ADA upon which relief can be granted against Valmont. Any amended complaint shall restate the allegations of Plaintiff's current Complaint and supplements (filing no. 1; filing nos. 7–10) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff also should be mindful to explain in his amended complaint what the defendant did to him, when the defendant did it, and how the defendant's actions harmed him. If Plaintiff fails to file an amended

complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's claims against John W. Smith are dismissed with prejudice. The clerk's office is directed to remove Smith as a defendant in this action.

2.      Plaintiff has until **December 10, 2018**, to file an amended complaint which states a plausible ADA claim against Valmont. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. If Plaintiff chooses to file an amended complaint, the court will conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the normal course of business.

3.      The clerk of the court is directed to set a pro se case management deadline using the following text: **December 10, 2018**: check for amended complaint.

4.      Plaintiff's Motion for Interpreter (filing no. 6) is denied without prejudice to reassertion.

Dated this 8th day of November, 2018.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge